UNITED STATES of America, Plaintiff—Appellee,

v.

Rodrigo RAMIREZ–RODRIGUEZ, Defendant—Appellant.

No. 03–30201.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.[*]

Decided June 18, 2004.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Therefore, appellant's request for oral argument is denied.

Kim R. Lindquist, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Wade R. Curtis, Belnap & Curtis PLLC, Boise, ID, for Defendant–Appellant.

Before: HALL, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Rodrigo Ramirez–Rodriguez appeals from his guilty-plea conviction and 240–month sentence for conspiracy to deliver methamphetamine and/or cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 851. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ramirez–Rodriguez contends that the district court erred in various respects by conducting an insufficient guilty plea colloquy before accepting his guilty plea. Ramirez–Rodriguez concedes that he failed to object to the alleged insufficiencies at the plea hearing. Accordingly, we review for plain error. *See United States v. Vonn,* 535 U.S. 55, 75, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). In its review, this court may consider the entire record, from defendant's first appearance to his plea colloquy. *See id.*

First, appellant contends that the district court failed to make an adequate inquiry as to whether his plea was voluntary. This contention fails, as the record demonstrates that the inquiry was sufficient, and that the plea was knowing and voluntary. *See* Fed.R.Crim.P. Rule 11(d)(2000).

** This disposition is not appropriate for publication and may not be cited to or by the

Appellant's contention that the district court failed to inform him of the applicable mandatory minimum sentence also fails, as the record demonstrates the district court properly informed appellant of the mandatory minimum sentence. *See* Fed. R.Crim.P. Rule 11(c)(1)(2000).

Last, Ramirez–Rodriguez contends that he was not informed of the nature of the charges—specifically, the type and quantity of drugs in question. After considering the entire record, we conclude the district court did not err in finding that appellant entered a knowing and voluntary plea to the drug type and quantity. *See Vonn,* 535 U.S. at 75; *see also United States v. Minore,* 292 F.3d 1109, 1115 (9th Cir.2002).

**AFFIRMED.**